UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

     Plaintiff,

                                     Case No. 1:24-cv-1041

v.

                                       HON. JANE M. BECKERING

M. STEPHENS,

     Defendant.

_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendant Michelle Stephens, a Michigan Department of Corrections (MDOC) mailroom clerk, violated his First Amendment rights by rejecting certain computer coding/programming books.  The parties' cross-motions for summary judgment were referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 59), recommending that this Court deny Plaintiff's motion, grant Defendant's motion, and close this case.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF Nos. 60–62), to which Defendant responded (ECF Nos. 64–64).[1]  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

---

[1] Plaintiff also filed two documents docketed as reply briefs (ECF Nos. 65–66), which this Court has not considered inasmuch as no leave was provided for the filing.  *See* W.D. Mich. LCivR 72.3(b) (contemplating only the filing of "objections and responses").

The Magistrate Judge concluded that Defendant was sufficiently connected to the alleged violation to satisfy the personal involvement requirement, that the books she rejected "contain the type of information the regulation seeks to prevent prisoners from accessing," and that Stephens's rejections were "reasonable applications of the policy" (R&R, ECF No. 59 at PageID.393, 396). The Magistrate Judge further concluded that Plaintiff provided no evidence that he is unable to receive other books or materials that are not against policy; allowing prisoners to possess books and other materials could lead to prohibited conduct or activity threatening the safety or security of prison facilities; and there exists no reasonable alternative that could accommodate his desire to possess the computer coding books at issue (*id.* at PageID.398).  Accordingly, the Magistrate Judge also concluded that Defendant Stephens is entitled to qualified immunity (*id.* at PageID.400).

Plaintiff poses four objections to the Report and Recommendation.

First, Plaintiff argues that the Magistrate Judge relied on "inaccurate information" about the MDOC's regulation (Pl. Obj., ECF No. 60 at PageID.402–403).  Plaintiff's objection is misplaced.   The Report and Recommendation exhibits the Magistrate Judge's accurate understanding of the relevant regulation.  *See* R&R, ECF No. 59 at PageID.386–387 (quoting Mich. Dep't of Corrs. Policy Directive 01.04.105 ¶ CC (effective 10/02/2023) ("In a correctional facility, offenders shall not use or personally possess computer manuals…").  Plaintiff's first objection is properly denied.

Second, Plaintiff argues that the Magistrate Judge "got it wrong" because she did not understand that "[t]his case is about [Plaintiff] seeking content that MDOC itself is circulating in

2

the prison system" in the computer coding program (Pl. Obj., ECF No. 60 at PageID.404–407).[2]

Plaintiff's objection is again misplaced.  The Magistrate Judge did not misapprehend the nature of the rejected property but expressly indicated that the fact that the MDOC allows some, controlled information relative to a subject that may present a danger if distributed to the prison population at large does not change either the underlying reasonableness of the policy or Defendant's reliance on that policy (R&R, ECF No. 59 at PageID.397–398).  Plaintiff's objection is properly denied.

Third, Plaintiff argues that the Magistrate Judge erred in examining the books in question only for their "truth," as opposed to whether the books were consistent with the MDOC's own computer coding content (Pl. Obj., ECF No. 60 at PageID.407–408).  Plaintiff's objection is misplaced.  The Magistrate Judge applied the proper standard.  *See* R&R, ECF No. 59 at PageID.396 (indicating that "the question is not whether the prohibited materials have in fact caused problems or are even 'likely' to cause problems, but whether a reasonable official might think that the policy advances these interests" (quoting *Thompson v. Campbell*, 81 F. App'x 563, 567 (6th Cir. 2003) (internal citations omitted)).  Plaintiff's objection is properly denied.

Last, Plaintiff argues that the Magistrate Judge erred in concluding that Defendant is entitled to qualified immunity (Pl. Obj., ECF No. 60 at PageID.408).  Inasmuch as Plaintiff's objection relies on his earlier arguments, the objection concomitantly lacks merit.

---

[2] In the supplement to his objections (ECF Nos. 61–62), Plaintiff indicates that after filing his objections, he discovered in the MDOC library certain computer science textbooks relevant to the issues in his case.  As Defendant points out in her response to the supplement (ECF No. 64 at PageID.434), Plaintiff's supplemental filing, by its express terms, is improperly predicated on information that he did not present to the Magistrate Judge.  Plaintiff fails to reference, let alone establish, any good cause for the delay in submitting this information.  In any event, as Defendant also more fully sets forth (*id.* at PageID.434–435), the supplemental filing would not change the outcome in this case inasmuch as Plaintiff's argument therein is "functionally no different from Plaintiff's repeatedly asserted, and addressed, arguments related to the computer programming courses offered to other inmates."

Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Additionally, a Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 60–62) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 59) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 32) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 42) is GRANTED.


Dated:  August 5, 2026                              /s/ Jane M. Beckering
                                                    JANE M. BECKERING
                                                    United States District Judge

4